CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 27 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| QUENTIN MCLEAN, | ) | |
| Plaintiff, | ) | Civil Action No. 7:11cv00174 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MS. H. MULLINS, LPN, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Quentin McLean, a Virginia prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. However, this court has dismissed three of McLean's previous complaints for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Therefore, McLean may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As McLean has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice and denies his motion

---

[1] See McLean v. Faust, No.2:99cv625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim); McLean v. Bolling, No. 7:99cv341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim); McLean v. United States, No. 2:06cv447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim).

[2] McLean claims that the defendant prison officials have failed to provide appropriate medical care for his toe injury. He alleges that on December 25, 2010, he fell from the sink in his cell at Red Onion State Prison and injured a toe on his right foot. On December 27, 2010, while he was "springing" into his bunk, his toe struck the wall, causing additional injury. The toe swelled and caused him pain, but when he filed an emergency grievance and then requested sick call, the nurse ruled that the condition was not an emergency and provided him with nothing but Tylenol. When McLean filed grievances about the treatment he had received, officials ruled them to be unfounded. He claims that now, in April 2011, the toe is still swollen and disfigured and that pressure from his shoe on an "infected area" makes it painful and difficult to walk or engage in exercise. He claims that he is in imminent danger of serious physical injury if he does not receive additional medical evaluation and treatment of his toe in its current condition.

Upon consideration of his allegations in his amended complaint, the court finds that McLean has not demonstrated that he is in imminent danger of serious physical harm. Moreover, because his allegations represent, at most, a claim of medical malpractice, he fails to state any actionable claim under § 1983, see Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."), and pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over any related state law claims.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 27th day of April, 2011.

_____
United States District Judge